IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HEATHER M.,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MICHELLE A. KING,<br>Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. 2:23-cv-00730-CMR<br><br>MEMORANDUM DECISION AND ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION<br><br>Magistrate Judge Cecilia M. Romero |

　　　　All parties in this case have consented to the undersigned conducting all proceedings (ECF 9). 28 U.S.C. § 636(c). Plaintiff Heather M. (Plaintiff), pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act (Act). After careful review of the record (Certified Administrative Record (Tr.), ECF 10), the parties' briefs (ECF 22, 27, 29), and arguments presented at a hearing held on December 6, 2024 (ECF 34), the undersigned concludes that the Commissioner's decision is supported by substantial evidence and free from reversible error. For the reasons stated on the record at the hearing and as discussed below, the court hereby DENIES Plaintiff's Motion for Review of Agency Action (ECF 22) and AFFIRMS the decision of the Commissioner.

## I.　BACKGROUND

　　　　Plaintiff was 46 years old on her disability onset date of December 1, 2015 (Tr. 140). Plaintiff applied for DIB and SSI on August 30, 2016, alleging disability due to fibromyalgia/pain,

congenital rickets, parasthesia, anxiety, teeth loose due to bone diseases, depression, dislike of being around people, and poor memory (Tr. 140–41). In January 2019, an administrative law judge (ALJ) issued a decision finding that Plaintiff was not disabled (Tr. 25–47). This court reversed and remanded the ALJ's decision for further proceedings (Tr. 1016–28). On remand, the ALJ issued a decision dated January 31, 2023, finding that Plaintiff was not disabled from December 2015 through June 2019 when Plaintiff attained a higher age category (Tr. 940-41).

At step two of the decision, the ALJ determined Plaintiff had severe impairments of obesity, bilateral knee arthropathy, leg length discrepancy and history of rickets status post corrective surgeries, X-linked hypophosphatemia (XLH), major depressive disorder, generalized anxiety disorder, and post-traumatic stress disorder (Tr. 929). The ALJ found that Plaintiff's fibromyalgia was not a medically determinable impairment (Tr. 929). At step three, the ALJ considered Listing 1.18 for abnormality of a major joint in any extremity, finding the criteria not met (Tr. 930). The ALJ also considered Plaintiff's mental impairments under Listings 12.04, 12.06, and 12.15, finding no limitation in understanding, remembering, or applying information; mild limitation in adapting or managing oneself; and moderate limitation in interacting with others and concentrating, persisting, or maintaining pace (Tr. 930–31).

The ALJ next determined Plaintiff had the residual functional capacity (RFC) to perform light work with additional limitations. The ALJ found at step four that, given this RFC, she was not able to perform past relevant work as a child welfare case worker, home attendant, and resident supervisor (Tr. 939). Consistent with vocational expert testimony, the ALJ found at step 5 that Plaintiff could perform jobs existing in significant numbers in the national economy, including final assembler, table worker, and touch-up screener, all sedentary work (Tr. 940). The ALJ therefore concluded that she was not disabled prior to June 9, 2019, but became disabled on that

date and continued to be disabled through the date of the decision (Tr. 940). The Appeals Council then denied Plaintiff's request for review (Tr. 2767), making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 20 C.F.R. §§ 404.981; 422.210(a). This appeal followed.

## II.  STANDARD OF REVIEW

The scope of the court's review of the Commissioner's final decision is specific and narrow. As the Supreme court recently reiterated, "[o]n judicial review, an ALJ's factual findings . . . 'shall be conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (quoting 42 U.S.C. § 405(g)). The threshold for evidentiary sufficiency under the substantial evidence standard is "not high." *Id.* at 103. Substantial evidence is "more than a mere scintilla"; it means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Under this deferential standard this court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). In reviewing under sentence four of 42 U.S.C. § 405(g), a court must affirm if the ALJ's decision is supported by substantial evidence and the correct legal standards were used, even if the court believes the evidence is "equivocal." *Nguyen v. Shalala*, 43 F.3d 1400, 1403 (10th Cir. 1994).

## III.  DISCUSSION

Plaintiff argues first that the ALJ erred in discounting plaintiff's fibromyalgia. At step two, Plaintiff bore the burden of proving that she had a medical determinable impairment (MDI) that met the regulatory framework definition of severe. *Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997). An MDI is an anatomical, psychological, or abnormality that can be shown by medically acceptable clinical and laboratory diagnostic techniques. 20 CFR § 404.1521. The

agency will not use a claimant's statement of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment. Instead, an MDI must be established by objective medical evidence from an acceptable medical source. *Id.*; Social Security Regulation (SSR) 12-2p, 2012 WL 3104869 (providing additional guidance on how the agency evaluates whether fibromyalgia is an MDI). As with other impairments, a person can establish that he or she has an MDI of fibromyalgia by providing evidence from an acceptable medical source. 20 CFR § 404.1521; SSR 12-2p, 2012 WL 3104869.

The agency will find that a claimant has an MDI of fibromyalgia only if (1) a physician diagnoses it, and (2) the same physician provides evidence that shows the claimant satisfied one of the two sets of criteria outlined in the SSR. Those criteria include a history of widespread pain, at least 11 positive tender points on examination, and evidence that the other disorders that could cause the complaint of symptoms were excluded. *See* SSR 12-2p, 2012 WL 3104869. Here, the ALJ considered whether Plaintiff's reported fibromyalgia was an MDI pursuant to the requirements of SSR 12-2 (Tr. 929). The ALJ found that plaintiff's fibromyalgia was not an MDI because the record does not include evidence of at least 11 positive tender points on physical examination, or of repeated manifestations of six or more fibromyalgia symptoms, signs, or co-occurring conditions. Moreover, the record does not include any evidence of exclusion of other disorders that could cause the symptoms, signs, or co-occurring conditions.

Plaintiff points to the treatment notes from Dr. Byrne diagnosing Plaintiff with fibromyalgia, but Dr. Byrne's diagnosis standing alone is insufficient to establish fibromyalgia as an MDI. SSR 12-2 indicates that Plaintiff cannot rely upon the physician's diagnoses alone. In addition to the diagnoses, the physician who diagnosed fibromyalgia must also provide evidence consistent with the criteria outlined in the SSR. Plaintiff fails to point to any evidence of record

showing that a physician performed the requisite tender point analysis to diagnose the condition as required by SSR 12-2p during the relevant time period. As acknowledged by Plaintiff, the only tender point examination conducted during the relevant time period was completed by a physician's assistant, which is not an acceptable medical source. The other treatment notes and fibromyalgia diagnoses or tender points examination that Plaintiff points to all occurred after June of 2019, at the time that Plaintiff was already considered disabled by the agency (Tr. 1247, 1276, 1470, 1529, 1537, 2676). Thus, those examinations are not relevant to the disability claim at hand. Based on this lack of record evidence documenting Plaintiff's fibromyalgia during the relevant time period, the ALJ reasonably found that it was not an MDI at step two of that decision.

Turning to Plaintiff's second argument, she argues that the ALJ erred in failing to evaluate the opinion of the treating physician Dr. Byrne. Dr. Byrne's treatment notes with the diagnoses of fibromyalgia, however, are not medical opinions under the relevant regulations because they do not provide functional limitations. *See Duran v. Berryhill*, CV 18-50 KK, 2019 WL 1370101, at *9 (D.N.M. Mar. 26, 2019) (indicating that reports containing results and interpretations of standardized tests, a summary of information the claimant provided in a behavioral rating, diagnoses, and recommendations were not medical opinions under the 2017 regulations). Under the governing regulations at the time, which the court acknowledges were changed as of March 27, 2017, the ALJ was required to weigh every medical opinion when assessing Plaintiff's RFC. 20 CFR § 404.1527. While Plaintiff argues the court should recognize the March 27, 2017 changes and apply it retroactively to the facts here, there is no legal authority for the court to do so.

Consistent with the governing regulations, the ALJ weighed the medical opinions and provided reasons for that weight. The court finds that substantial evidence supports the ALJ's

evaluation of the medical and other opinions. There is, therefore, no reversible error in reference to the ALJ's findings, and the ALJ's decision is affirmed.

## IV. CONCLUSION

Because the ALJ's decision is supported by substantial evidence and legally sound, it is AFFIRMED. Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the U.S. Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296–304 (1993).

DATED this 22 January 2025.

_____
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah